IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2181-D

| | |
|---|---|
| SALVATORE D. PICCOLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN DAVID RICH, ) | |
| ) | |
| Respondent. ) | |

Salvatore Piccolo ("Piccolo" or "petitioner"), a former federal inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1]; [D.E. 1-1, 2]. The court now reviews the petition. See 28 U.S.C. § 2243. The court dismisses the petition as moot.

I.

On April 16, 2019, with a plea agreement, Piccolo pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). See United States v. Servidio, No. 20-3204, 2021 WL 5263227, at *1 (3d Cir. Nov. 10, 2021) (unpublished); Plea Agreement, United States v. Piccolo, No. 1:19-CR-282 (D.N.J. Apr. 16, 2019), [D.E. 32]. On November 15, 2019, the court found that "Piccolo had demonstrated 'true remorse'" and sentenced "Piccolo to a below-Guidelines 150 months' imprisonment." Servidio, 2021 WL 5263227, at *2; see Crim. J., Piccolo, No. 1:19-CR-282 (D.N.J. Nov. 15, 2019), [D.E. 38].

Piccolo contends he is entitled to an earlier eligibility date for home confinement under the First Step Act ("FSA"). See Pet. at 2–3, 6; [D.E. 1-1]. Piccolo is on home confinement. See [D.E.

4]; BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by register number 44567-066) (last visited Oct. 15, 2025). Piccolo is subject to a five-year term of supervised release. See Crim. J., Piccolo, No. 1:19-CR-282 (D.N.J. Nov. 15, 2019), [D.E. 38].

A live case or controversy must exist through all stages of a federal judicial proceeding. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). A case or controversy no longer exists "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quotations omitted). The court lacks jurisdiction if there is no longer a live case or controversy. See U.S. Const. art. III, § 2; Already, LLC, 568 U.S. at 91; Powell v. McCormack, 395 U.S. 486, 496 (1969); Martineau v. Wier, 934 F.3d 385, 390 n.2 (4th Cir. 2019); United States v. Springer, 715 F.3d 535, 540 (4th Cir. 2013). A federal court may raise mootness sua sponte "at any stage of proceedings." Springer, 715 F.3d at 540; see North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam).

Piccolo's petition is moot. He has obtained the relief he seeks, and he has not identified any "potentially applicable exceptions to the mootness doctrine." Craft v. Eischen, No. 22-CV-1897, 2023 WL 3467231, at *2 (D. Minn. Apr. 17, 2023) (unpublished) (collecting cases), report and recommendation adopted, 2023 WL 3455443 (D. Minn. May 15, 2023) (unpublished); see, e.g., Duncan-Plunkett v. Rardin, No. 1:25-CV-10794, 2025 WL 1888558, at *1 (E.D. Mich. June 30, 2025) (unpublished); Gonzalez v. Spaulding, No. 1:22-CV-1632, 2023 WL 3876502, at *2 (M.D. Pa. May 1, 2023) (unpublished); Josey v. Warden, F.C.I. Williamsburg, No. 4:24-CV-3779, 2024 WL 5318821, at *2 (D.S.C. Dec. 12, 2024) (unpublished), report and recommendation adopted, 2025 WL 71610 (D.S.C. Jan. 10, 2025) (unpublished). Thus, the court dismisses the petition without prejudice for lack of jurisdiction.

II.

In sum, the court DISMISSES WITHOUT PREJUDICE petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] for lack of jurisdiction. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 17 day of October, 2025.

*/s/ James C. Dever*
JAMES C. DEVER III
United States District Judge